IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0105 (01) |
| | § | |
| JUAN ESTEBAN JUAREZ-AGUILAR | § | |

**REPORT AND RECOMMENDATION TO DISMISS DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant's motion to vacate, set aside or correct sentence should be DISMISSED.

I.
PROCEDURAL HISTORY

Defendant was convicted, upon his plea of guilty, of the offense of illegal reentry after deportation in violation of 8 U.S.C. § 1326(b)(2). Defendant was sentenced to an 87-month term of imprisonment and a 3-year term of supervised release, and was assessed a $100 special assessment. Defendant directly appealed his conviction or sentence to the United States Court of Appeals for the Fifth Circuit. On May 18, 2004, defendant's counsel filed an *Anders* brief on defendant's behalf. The same date, counsel also filed a motion to withdraw. On February 22, 2005, the Court of Appeals ordered the motion to withdraw be held in abeyance and ordered counsel to file a supplemental *Anders* brief therein addressing the recent decision of *United States v. Booker*, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621, 73 U.S.L.W. 4056 (January 12, 2005). Counsel

filed such supplemental brief on March 25, 2005, no further activity has occurred in the case since that date, and the case remains pending before the appellate court. On May 31, 2005, defendant filed the instant Motion to Vacate, Set Aside or Correct Sentence.

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant contends his conviction and sentence were obtained in violation of the Constitution and Laws of the United States because:

1. Defendant was denied effective assistance of counsel in that counsel did not challenge "the 16-level enhancement provided by the Sentencing Guidelines for Illegal Reentry after being deported for a felony conviction"; and

2. Defendant's sentence is unconstitutional under *Blakely v. Washington, United States v. FanFan*, and *United States v. Booker*

## III.
## PREMATURE MOTION

A criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal. *Fassler v. United States,* 858 F.2d 1016, 1019 (5th Cir. 1988) (citing *Jones v. United States,* 453 F.2d 351, 352 (5th Cir. 1972). Here, defendant's conviction has not yet been affirmed on direct appeal. In fact, such appeal is currently pending before the Fifth Circuit. Defendant's motion to vacate should be dismissed as premature.

## IV.
## SECOND PREMATURE MOTION

Defendant has previously filed a motion to vacate on February 7, 2005 and such was dismissed as premature March 1, 2005. The instant motion is the second filed by defendant while his case is pending on appeal in the Fifth Circuit. This Court cannot consider any motion to vacate until the Fifth Circuit has issued a decision affirming defendant's conviction and sentence. Further,

defendant is wasting the Court's time by filing premature motions to vacate. Defendant is admonished that such future filings may result in the imposition of sanctions.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant JUAN ESTEBAN JUAREZ-AGUILAR be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to defendant and each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of June 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).